**FILED**
1/10/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

LM

Judge Sunil R. Harjani
Magistrate Judge Maria Valdez
RANDOM / Cat. 3

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. |
| v. | Violation: Title 18, United States Code, Section 371 |
| FRANCISCO PEREZ, also known as "Frankie" | |

The ACTING UNITED STATES ATTORNEY charges:

1.     At times material to this information:

**Relevant Entities and Individuals**

a.     Cook County was a local government located in the Northern District of Illinois.

b.     The Assessor was an agent of Cook County who operated the Cook County Assessor's Office (the "CCAO"). The CCAO was responsible for setting fair and accurate values for parcels of Cook County property. To administer this task, the CCAO reassessed one-third of the properties located in the county each year. The assessed property values were used to calculate property taxes, with lower taxes resulting from lower property assessments and higher taxes resulting from higher property assessments.

c.     The CCAO also provided a mechanism to correct asserted errors in past property tax bills. A certificate of error or certificate of correction allows the CCAO to retroactively change a property's assessed value for a prior year, essentially correcting a tax bill after the assessment for that tax year has been finalized, and amending the property owner's tax liability.

d.     Defendant FRANCISCO PEREZ, also known as "Frankie," was a Chief Hearings Officer at the CCAO until December 6, 2018. In this role, PEREZ, among other responsibilities, assigned property-assessment appeals to analysts for review and, in 2018, directly reviewed, assessed, and approved property values on commercial appeals and reviewed applications for certificates of error.

e.     Property owners in Cook County could engage law firms to assist with the preparation and filing of property-assessment appeals, or applications for certificates of error, with the CCAO. Such law firms typically charged the property owners a percentage of any tax savings as payment for their services. Law Firm A was a law firm that offered such services to Cook County property owners. Individual A was a tax consultant for and employee of Firm A.

## Law Regarding Conduct of the Defendant

f.     Illinois law, 720 ILCS 5/33-1(d), stated "that a person commits bribery when: . . . [h]e or she receives, retains or agrees to accept any property or personal advantage which he or she is not authorized by law to accept knowing that the property or personal advantage was promised or tendered with intent to cause him or her to influence the performance of any act related to the employment or function of any public officer . . ."

2.     Beginning no later than in or around early 2018, and continuing through in or around December 2018, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

FRANCISCO PEREZ,
also known as "Frankie,"

2

defendant herein, with Individual A and other persons known and unknown to the Grand Jury, knowingly conspired to commit an offense against the United States, that is, to use and cause to be used a facility in interstate commerce, namely, a cellular telephone assigned telephone number (773) XXX-0154, with the intent to promote, manage, and carry on, and to facilitate the promotion, management, and carrying on of an unlawful activity, namely, bribery in violation of 720 ILCS 5/33-1(d), and thereafter, to perform and attempt to perform an act of promotion, management, and carrying on, and facilitation of the promotion, management, and carrying on of the unlawful activity, in violation of Title 18, United States Code, Section 1952(a)(3).

## Manner and Means of the Conspiracy

3.　　It was part of the conspiracy that PEREZ, Individual A, and others agreed to use and used interstate facilities, including cellular telephones, email accounts, and their associated communications networks to promote, manage, and carry on, and to facilitate the promotion, management, and carrying on, of bribery in violation of Illinois law.

4.　　It was further part of the conspiracy that PEREZ repeatedly accepted property and personal advantages from Individual A and others, including sports tickets and free meals at restaurant, knowing and understanding that he was not authorized by law to receive such gifts and knowing and understanding that they were promised and tendered with the intent to influence the performance of PEREZ's actions as Chief Commercial Hearing Officer and CCAO employee.

5.　　It was further part of the conspiracy that members of the conspiracy concealed, misrepresented, and hid and caused to be concealed, misrepresented, and

hidden, the existence and purpose of the conspiracy and the acts done in furtherance of the conspiracy.

## Overt Acts

6.     It was further part of the conspiracy that PEREZ and his coconspirators committed and caused to be committed one or more overt acts within the Northern District of Illinois and elsewhere, in furtherance of and to effect the objects of the conspiracy, including but not limited to the following:

a.     On or about November 16, 2018, PEREZ, using cellular telephone assigned number (773) XXX-0154, called Individual A, to provide an update on the status of the CCAO's review of a property appeal represented by Law Firm A, and stated "What we need to do is in the next two weeks, all the ones that you're like shaky on, you're like, 'Man, this shit didn't come out right,' boom. Pull them, and we'll look."

All in violation of Title 18, United States Code, Section 371.

RICHARD ROTHBLATT
Digitally signed by RICHARD ROTHBLATT
Date: 2025.01.10 09:17:16 -06'00'

_____
ACTING UNITED STATES ATTORNEY